UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN NEIL SORENSEN,<br><br>               Petitioner,<br><br>    v.<br><br>JEFFREY UTTECHT,<br><br>               Respondent. | Case No.  C06-5482 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 2, 2007** |

      Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Petitioner seeks to challenge a 2003 conviction and sentence. (Dkt. # 3).  On December 13, 2006, the Court extended the time for Petitioner to file a traverse. (Dkt. # 17).  Petitioner has now done so (Dkt. # 18), and this matter is ripe for review.  Upon review, it is the Court's recommendation that the petition be dismissed with prejudice as Petitioner has failed to properly exhaust his state remedies and  Petitioner's grounds for relief concern solely state law issues.

### I. BASIS OF CUSTODY

      Petitioner, Ryan Neil Sorensen, is in the custody of the Washington Department of Corrections pursuant to a 2003 conviction by guilty plea of one count of Murder in the First Degree

REPORT AND RECOMMENDATION
Page - 1

(Count I), two counts of Kidnapping in the First Degree (Counts II and III), two counts of Assault in the Second Degree (Counts IV and V) with two firearm enhancements on each count. (Dkt. # 14, Exh. 1). Petitioner was sentenced to 314 months confinement with 120 months firearm enhancement on Count I; 68 months confinement with 120 months firearm enhancements on Counts II and III; 70 months confinement with 72 months confinement on Counts IV and V, for a total of 1014 months confinement. (Id. at 9).

## II. STATEMENT OF THE CASE

A. **Facts**

Petitioner summarized the facts of his case as follows:

> On October 14, 2003, defendant Ryan Sorensen pleaded guilty to the following crimes:
>
> 1. Murder in the First [Degree]
> 2. Kidnapping the First [Degree]
> 3. Kidnapping in the First [Degree]
> 4. Assault in the Second [Degree]
> 5. Assault in the Second [Degree]

(CP 57-67)

The murder involved one victim—Frank Smith (CP 5-8). The two Kidnapping and Assault charges involved two victims for each count—Mark Syndor and Randy Herb (IBID). The deceased was the former father-in-law of defendant. The other two victims were employees of the deceased['s] towing business, Smith Services. The crime is described in the Sheriff's Report filed with the Affidavit of Probable Cause (CP - ).

> On 29 April, at about 1533, I arrived at the 10675 Rhody Drive (Smith's Services) on reported unknown situation. I approached the front door and upon looking inside I could see a male later identified as Ryan Sorensen, facing me holding a pistol in each hand (barrel of the left point to the ground) while holding and talking on a cell phone with his right hand). I began to draw my weapon from my holster while beginning to enter the front door. Ryan (who had apparently not seen me yet) turned and using his left hand, took the pistol from his right hand while still talking on the cell phone. Ryan turned around, now facing me two pistols in his left hand (barrels pointing down) and talking on the cell phone upon seeing me said very calmly, "Its ok, he's down, he's down." Now pointing my weapon at Ryan I ordered him to drop the weapons and get on the ground. . . . .

REPORT AND RECOMMENDATION
Page - 2

> I began to check the room and could see off to my right two males whom I recognized as employees of Smith Services, Randy Herb and Mark Sydnor. Both were sitting in chairs and both raised their hands. I could see that both Randy, Mark, each had their hands duct taped together . . . . .
>
> I immediately sighted Frank Smith, laying on his right side with a pool of blood starting to form under him. I called out "who did it." Ryan in a very calm voice said "I shot him, he's dead.". . . . . .
>
> Mark said that he had seen Ryan enter the office holding a gun in each hand. Ryan (according to Mark) walked around to the desk where Frank was standing. Ryan pointed the gun in his right hand at Frank and said "you won't laugh at me again" and fired one round. Mark said he got up and ran around to see what had happened. That is when Ryan pointed the gun in his right hand at Frank saying "do you want to live?" Mark said "yes." Ryan said "then get over there" pointing at the chairs. Mark said that after he went over to the chairs, Ryan pointed the gun in his right hand at Frank and continued to fire, until the gun was empty, changed guns and fired the other gun until it was empty, then reloaded. Sometime during the incident, Mark said he and Randy were instructed to tape each of their hands together with duct tape, which they did. Randy told me that he was also approaching after Ryan fired the first shot at Frank and was also asked by Ryan who had pointed the gun in his left hand at him saying "do you want to live." Randy said "yes."
>
> The defendant pleaded guilty to the Second Amended Information. The plea was made under protest because defense counsel had previously filed an Affidavit of Prejudice against Judge Majhan on May 16, 2003 (CP - ). On May 21 Judge Majhan issued a Memorandum Opinion in which he explained his reasons for not honoring the Affidavit of Prejudice (CP-). The basis for his opinion was that he had previously ruled on a motion to continue the arraignment and continue the hearing for amending the Information, and that such a rulings were discretionary.

(Dkt. # 14, Exh. 2, pp. 5-7).

**B.   State Court Procedural History**

Petitioner appealed his sentence, raising the following issues:

> 1. Ryan Sorensen should be re-sentenced because the trial court erroneously calculated the Offender Score and Standard Sentence Range.
>
> ISSUE:   Where the trial court erroneously calculates the defendant's Offender Score and arrives at an incorrect Standard Range, is the defendant entitled to be re-sentenced?
>
> 2. The defendant's conviction and sentence should be reversed because the trial judge erroneously failed to honor the Affidavit of

>Prejudice filed by defense counsel?
>
>ISSUE: Where defense counsel files an Affidavit of Prejudice, and the trial judge refuses to honor the affidavit because he previously granted a stipulated order of continuance, is the defendant entitled to have his conviction and sentence overturned?

(Id., Exh. 2 at 4).

The State filed its opposition brief. (Id., Exh. 3). Petitioner then filed a pro-se supplemental brief, arguing that the judge was biased, that Petitioner should be allowed to withdraw his guilty plea and that a remand was required for proper sentencing. (Id., Exh. 4). The Washington Court of Appeals affirmed the conviction and sentence. (Id., Exh. 5). The Court determined that because the trial court made a discretionary ruling before Petitioner filed the affidavit of prejudice and because the miscalculation of the offender score did not affect the standard range, there was no error. (Id.).

Petitioner filed a Petition for Discretionary Review with the Washington Supreme Court, raising the following issue for review:

>Whether the Court of Appeals erred in affirming the trial court's decision denying Mr. Sorensen's Affidavit of Prejudice filed at arraignment, where the only prior rulings made by the affidavited judge were setting bail and conditions of release at Mr. Sorenson's initial appearance and granting an agreed motion to continue the arraignment hearing for one week.

(Id., Exh. 6).

The State filed an Answer in opposition. (Id., Exh. 7). The Court denied the Petition for Review. (Id., Exh. 8). The Washington Court of Appeals issued its mandate on January 23, 2006. (Id., Exh. 9).

## III. ISSUES

Petitioner presents the following grounds for relief:

1. Failure to Honor Affidavit of Prejudice

2. Miscalculation of Offender Score

3. Excessive Firearm Enhancements

(Dkt. # 3, pp. 6-9).

REPORT AND RECOMMENDATION
Page - 4

## IV. EXHAUSTION OF STATE REMEDIES

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

As is more fully discussed below, Petitioner failed to fully and fairly exhaust his habeas corpus grounds for relief on a federal constitutional basis to either the Washington Court of Appeals or the Washington Supreme Court. Further, Petitioner failed to present his second and third grounds for relief to the state's highest court. Thus, none of Petitioner's grounds for relief are exhausted.

## V.  EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. . . .

28 U.S.C. § 2254(e)(2).

"[T]he statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'" Williams v. Taylor, 529 U.S. 420, 430 (2000). "[A] failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Id. at 432. "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend ... upon whether those efforts could have been successful." Id. at 435; Baja v. Ducharme,

187 F.3d 1075, 1078-79 (9th Cir. 1999).

The decision to hold a hearing is committed to the Court's discretion. Williams v. Woodford, 306 F.3d 665, 688 (9th Cir. 2002).  A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. Campbell v. Wood, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 511 U.S. 1119 (1994).  Because Petitioner cannot satisfy § 2254(e)(2), and his claims may be denied as a matter of law based on the existing record, he is not entitled to an evidentiary hearing.

## VI.  STANDARD OF REVIEW

State court judgments carry a presumption of finality and legality. McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Habeas relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991).  The petitioner must prove by a preponderance of the evidence that the custody violates the Constitution, laws or treaties of the United States. McKenzie, 27 F.3d at 1418-19.  The petitioner must also show the state court adjudication of the claims was contrary to or an unreasonable application of federal law.  28 U.S.C. § 2254(d). If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual and substantial prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993). A state court's interpretation of state law is binding upon the federal courts. Oxborrow v. Eikenberry, 877 F.2d 1395 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

State court findings of fact are presumed correct unless the petitioner rebuts the findings of fact by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  New rules of criminal procedure are not applicable to cases that became final before the rule is announced unless the rule: (1) decriminalizes certain conduct or prohibits the imposition of certain types of punishment for a class of defendants; or (2) constitutes a watershed rule of criminal procedure. Teague v. Lane, 489 U.S. 288, 310-12 (1989).

## VII.  DISCUSSION

**A.  PETITIONER'S CLAIMS ARE NOT EXHAUSTED AS HE FAILED TO PRESENT THEM AS FEDERAL CONSTITUTIONAL CLAIMS TO THE WASHINGTON SUPREME COURT**

A state prisoner must exhaust state remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. Granberry v. Greer, 481 U.S. 129, 134 (1987). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1993), cert. denied, 513 U.S. 935 (1994). The exhaustion doctrine is based upon comity, not jurisdiction. Rose v. Lundy, 455 U.S. 509, 518 (1982). It is the petitioner's burden to prove that a claim has been properly exhausted and is not procedurally barred. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

A claim must be "fully and fairly" presented to the state's highest court so as to give the state courts a fair opportunity to apply federal law to the facts. Anderson v. Harless, 459 U.S. 4 (1982); Picard v. Connor, 404 U.S. 270, 276-78 (1971). The petitioner must present the claims to the state highest court, even where such review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioners must alert state courts "to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365 (1995). A petitioner must expressly apprise the state courts that an alleged error is not only a violation of state law, but also a violation of the Constitution. Id. "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996).

Vague references to broad constitutional principles such as due process, equal protection and a fair trial do not satisfy the exhaustion requirement. Gray v. Netherland, 518 U.S. 152, 162 (1996); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin v. Madding, 189 F.3d 882, 888 (9th

REPORT AND RECOMMENDATION
Page - 7

Cir. 1999), *cert. denied*, 120 S. Ct. 815 (2000). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray, 518 U.S. at 163. Even where the petitioner argues an error deprived him of a "fair trial" or the "right to present a defense", unless the petitioner expressly states he is alleging a specific federal constitutional violation, the petitioner has not properly exhausted the claim. Johnson, 88 F.3d at 830-31. The fact that a state law claim was "essentially the same" as the claim subsequently asserted in federal court does not satisfy the exhaustion requirement. Id. at 830. Citation to Washington case law, even if the case applied a standard similar to the federal standard, does not suffice to apprise the Washington courts of a federal claim. Hiivala, 195 F.3d at 1106-07.

Petitioner did not present any of his grounds for relief on a federal constitutional basis to the Washington courts. Petitioner presented only the first ground for relief – denial of Petitioner's affidavit of prejudice filed at arraignment – to the Washington Supreme Court and that ground was presented solely on state law. As the Washington Court of Appeals issued its mandate on January 23, 2006, (Dkt. # 14, Exh. 9), Petitioner had until January 23, 2007, to file a collateral attack on his conviction and sentence . It is unknown at the time of this Report and Recommendation, whether Petitioner has filed a collateral attack on his conviction and sentence with the Washington Supreme Court. If he has not, it is likely such a claim will be dismissed as time-barred pursuant to RCW 10.73.090. If he has, it still remains unclear whether Petitioner's claims would be procedurally barred, as Petitioner presented his claims on direct appeal and claims presented in a direct appeal will not be considered by the state courts unless Petitioner can demonstrate that the ends of justice would be served by reexamining the issue. In re Personal Restraint Petition of Taylor, 105 Wn.2d 683, 688, 717 P.2d 755 (1986).

REPORT AND RECOMMENDATION
Page - 8

In these circumstances, it would be appropriate to recommend dismissal of the petition without prejudice as the claims are not clearly unexhausted. Respondent argues further, however, that in the interest of judicial economy, this Court should dismiss the petition with prejudice because Petitioner's claims are solely state law claims, not cognizable in a federal habeas corpus petition.

**B.     THE HABEAS PETITION SHOULD BE DISMISSED BECAUSE PETITIONER'S GROUNDS FOR RELIEF PRESENT STATE LAW CLAIMS ONLY**

Petitioner presents three grounds for review, the first ground alleging the trial court erred in denying an Affidavit of Prejudice based on RCW 4.12.050, and in the second and third grounds, Petitioner argues that the trial court erred in calculating his sentence. Respondent argues that these grounds for relief present solely state law claims that are not cognizable in a federal habeas corpus petition.

Federal habeas corpus is available only on behalf of a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal habeas corpus review is not available to retry state issues. Milton v. Wainwright, 407 U.S. 371, 377 (1972). "A federal court may not issue the writ on the basis of a perceived error of a state law." Pulley v. Harris, 465 U.S. 37, 41 (1989). If the petition alleges only a violation of state law, no federal claim is presented and the petition is subject to dismissal for failure to state a claim. Favors v. Eyman, 466 F.2d 1325, 1327 (9th Cir. 1972). An alleged violation of the State Constitution raises no federal constitutional error. Hinman v. McCarthy, 676 F.2d 343, 349 (9th Cir. 1982). Mere conclusions of violations of federal rights in a federal habeas petition without specifics do not state a basis for habeas corpus relief. Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995). Federal courts cannot consider whether state law was properly applied. Paradis v. Arave, 954 F.2d 1483, 1493 (9th Cir. 1992), vacated on other grounds by, Arave v. Paradis, 507 U.S. 1026 (1993), *on remand*, Paradis v. Arave, 20 F.3d 950 (9th Cir. 1994), *cert. denied*, Paradis v.

REPORT AND RECOMMENDATION
Page - 9

Arave, 513 U.S. 1117 (1995). Federal courts will presume that the state courts properly applied their own law. Woratzeck v. Stewart, 97 F.3d 329, 336 (9th Cir. 1996).

A federal court's refusal to reverse a sentence on state law grounds is not reviewable in federal habeas. Hendricks v. Zenon, 993 F. 2d 664, 674 (9th Cir. 1993). *See* Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law…."). The Ninth Circuit has refused to consider state law errors in the application of state sentencing law. Souch. v. Shaivo, 289 F.3d 616, 623 (9th Cir. 2002); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). The Ninth Circuit has also said that so long as the punishment is not based on any proscribed grounds, such as being cruel and unusual, racially or ethnically motivated, or enhance by indigency, penalties are a matter of state concern. Makal v. Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).

Petitioner claims that his offender score was miscalculated because he had no prior criminal history or previous firearms charges and his offender score was zero at the time he was charged. (Dkt. # 3, p. 6). Petitioner also claims that he was sentenced to 504 months in firearm enhancements when he had no prior weapons or firearm charges. Petitioner's claims are based on the trial court's calculation of Petitioner's offender's score and deadly weapon enhancements under Washington state sentencing guidelines. Thus, the penalties and Petitioner's claims are a matter of state concern.

Petitioner's grounds for relief concern solely state law issues. Accordingly, the undersigned recommends that this Court determine that his claims are not cognizable in this federal habeas corpus petition and dismiss them with prejudice.

## VIII.  CONCLUSION

Petitioner may be procedurally time barred in state court and/or his claims presented in his

direct appeal will not be considered by the state courts unless Petitioner demonstrates that the ends of justice would be served by reexamining the issue. Because there is a possibility that the state courts might consider Petitioner's claims on a federal constitutional basis, the undersigned would normally recommend that the petition be dismissed without prejudice. However, because Petitioner's claims are not cognizable in this habeas corpus petition because they present solely state law claims, the undersigned recommends that the Court dismiss the petition with prejudice.

Based on the foregoing discussion, the Court should **DISMISS the petition WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 2, 2007,** as noted in the caption.

DATED this 6th day of February, 2007.

Karen L. Strombom
United States Magistrate Judge